IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 7:20-cr-00207-LSC-SGC-4 |
| | ) | |
| ORLANDA WALKER, | ) | |
| Defendant | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

The United States has charged Defendant Orlanda Walker ("Walker") and three other defendants in a five-count indictment. (Doc. 1.) The United States has charged Walker, specifically, with Count 5—Falsification of Records in a Federal Investigation, under 18 U.S.C. § 1519. (*Id.*) Before this Court is Walker's motion to sever (doc. 61), motion to dismiss (doc. 62), motion to file an out-of-time supplement to his motion to dismiss (doc. 63), and motion to continue trial (doc. 102). For the reasons stated below, Walker's motion to sever and motion to continue trial are due to be granted; his motions to dismiss and supplement are due to be denied.

**<u>Motions to Sever and Continue Trial</u>**

Walker argues he should be severed from his codefendants. He also requests the Court to continue his trial. The Court had a telephone conference to discuss the pending motions. After consideration of the facts at issue, and for the reasons

discussed in the telephone conference, Walker's motions to sever and continue are due to be granted.

**Motion to Dismiss**

"An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 178 F.3d 1230, 1233–34 (11th Cir. 1999) (quotation marks omitted). "The sufficiency of a criminal indictment is determined from its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992.)

Walker's indictment alleges a violation of 18 U.S.C. § 1519. A violation of § 1519 requires the defendant to have (1) knowingly made false entry into a record or document (2) with the intent to impede an investigation that (3) was a matter within the jurisdiction of a federal agency.[1] Walker's indictment alleges that he (1) knowingly falsified a prison incident report (2) with the intent to impede an

---

[1] Notably, knowledge of a pending federal investigation is not an essential element of § 1519. "Section 1519 . . . does not require that an investigation be pending or that the defendant be aware of one when he falsifies the record. Instead, the statute only requires that the falsification be done with intent to impede an investigation and 'in contemplation' of that investigation." *United States v. Taohim*, 817 F.3d 1215, 1222 (11th Cir. 2013); *see also United States v. Fontenot*, 611 F.3d 734, 736-39 (11th Cir. 2010) ("The government is not required to prove that the defendant knew his conduct would obstruct a federal investigation, or that a federal investigation would take place . . . .")

investigation into an underlying assault that (3) was a matter within the jurisdiction of a federal agency. (Doc. 1.) This indictment presents the essential elements of the charged offense, notifies the defendant of his alleged violation of § 1519, and enables the accused to rely upon a judgment as a bar against double jeopardy. Accordingly, Walker's indictment is not improper.

Walker's additional arguments—that the United States lacks sufficient evidence and that Alabama Code § 13A-3-22 immunizes him from federal prosecution—are meritless. First, a district court may not dismiss an indictment on the ground that there is insufficient evidence to support the allegations. *Critzer*, 951 F.2d at 307. There is "no summary judgment procedure in criminal cases." *Id.* Second, an Alabama statute cannot immunize an individual from federal prosecution under the laws of the United States. *See* ALA. CODE § 13A-3-22 (noting that the provision does not apply where it is "inconsistent . . . with some other provision of law"); *see also* U.S. CONST. ART. VI ("The laws of the United States . . . shall be the supreme law of the land . . . anything in the Constitution or laws of any State to the contrary notwithstanding."). Accordingly, Walker's indictment is sufficient and his motion to dismiss is due to be denied.

**Conclusion**

For the reasons stated above, Walker's motions to sever (doc. 61) and continue (doc. 102) are hereby GRANTED. Walker's trial is hereby continued until further notice from the Court. However, his criminal charges are not due to be dismissed. Accordingly, Walker's motion to dismiss and motion to supplement (docs. 62–63) are hereby DENIED.

**DONE** and **ORDERED** on April 29, 2021.

L. Scott Coogler
United States District Judge

203171